UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

TRUSTEES OF THE PLUMBERS AND, )
STEAMFITTERS LOCAL UNION NO. 43 )
HEALTH AND WELFARE FUND, *et al.,* )
)
      Plaintiffs, )
)     1:06-CV-245
v. )
)     Chief Judge Curtis L. Collier
)
LARRY CRAWFORD, *et al.*, )
)
      Defendants. )

## **MEMORANDUM & ORDER**

      Before the Court is Defendant Larry Crawford's[1] ("Defendants") objection (Court File No. 54) to United States Magistrate Judge Susan K. Lee's order modifying the Scheduling Order (Court File No. 42) in this case. Defendants request the Court reverse the magistrate judge's order modifying the Scheduling Order. Plaintiffs Trustees[2] ("Plaintiffs") filed a response (Court File No. 55) and Defendants filed a reply (Court File No. 56). For the following reasons, the Court **AFFIRMS** the magistrate judge's order (Court File No. 42 ) and **DENIES** Defendants' objections (Court File No. 54).

---

    [1]The defendants are Larry Crawford, individually and doing business as Larry Crawford Plumbing and Mechanical Contractors, doing business as Larry Crawford Plumbing, doing business as Larry Crawford Plumbing Company, doing business as Crawford Plumbing. Larry Crawford Plumbing Company, Larry Crawford Plumbing, and Crawford Plumbing are also possibly defendants. It is not clear whether these names belong to individual defendants or are names under which Larry Crawford does business (*see* Court File No. 1, p. 1).

    [2]There are two plaintiffs: (1) Trustees of the Plumbers and Steamfitters Local Union No. 43 Health and Welfare Fund, and (2) Trustees of the Plumbers and Steamfitters Local Union No. 43 Pension Fund.

## I. RELEVANT FACTS

The Scheduling Order in this case required Plaintiffs to disclose any expert testimony by June 1, 2007 (Court File No. 15, p. 2). Over one month later, Plaintiffs sought to amend the Scheduling Order to designate a handwriting expert because of a dispute concerning the authenticity of a signature purporting to be Defendant Larry Crawford's ("Crawford") (Court File No 37, pp. 1-3). Plaintiffs contend the dispute did not become clearly ripe until the July 12, 2007, deposition of Crawford (*id.* at p. 2).

At the hearing before the magistrate judge, the parties agreed the authenticity of the signature is a "critical issue" in this case (Court File No. 42, p. 2). In her order, the magistrate judge explained the Plaintiffs' position:

> Plaintiffs stated they waited until after taking Crawford's deposition to decide whether to designate a handwriting expert. Plaintiffs explained they tried to schedule Crawford's deposition in April and May, but were unable to do so until after the June 1, 2007 deadline for their expert witness disclosures. . . Plaintiffs stated their failure to designate a handwriting expert on or before June 1, 2007, as required in the Court's scheduling order, was an oversight on the part of Plaintiffs' counsel.

(*id.*).

Defendants counter Plaintiffs were aware of the dispute over the signature's authenticity in late 2006 and knew of the issue's importance to the case (Court File No. 41, p. 2; Court File No. 54, p. 2). Defendants note that on October 23, 2006, Plaintiffs' counsel wrote a letter to Defendants' counsel in which they stated they intend to prove the authenticity of the signature (Court File No. 54, Exh. 2). After Defendants denied the signature's authenticity in a request for admission (*id.*, Exh. 3), Plaintiffs' counsel wrote to Defendants' counsel on February 16, 2007, saying they would seek reimbursement for proving the signature's authenticity (*id.*, Exh. 4). Thus, Defendants contend

Plaintiffs knew of the dispute over the signature's authenticity well before Crawford's deposition.

The magistrate judge granted Plaintiffs' motion, ruling "it was arguably reasonable for [Plaintiffs] to depose Crawford about the signature" prior to designating a handwriting expert (Court File No. 42, p. 4). The magistrate judge also sought to "eliminate any prejudice whatsoever to Defendants with respect to the relief sought by Plaintiffs by ensuring they have access to the original Agreement bearing the signature at issue, adequate time to depose the designated expert, and adequate time to designate an expert of their own" (*id.*). Defendants do not appear to argue they have been prejudiced; they argue a lack of prejudice towards them does not compensate for Plaintiffs' lack of good cause (Court File No. 54, p. 11).

## II. STANDARDS OF REVIEW

### A. Magistrate's decision on non-dispositive pretrial matters

In reviewing a magistrate judge's decision on a non-dispositive pretrial matter, the Court considers objections and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *accord Harlamert v. World Finer Foods, Inc.*, 489 F.3d 767, 771 (6th Cir. 2007). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be deemed clearly erroneous." *Harlamert*, 489 F.3d at 771.

### B. Modifying Scheduling Orders

A Scheduling Order "shall not be modified except upon a showing of good cause" and leave

of the Court. Fed. R. Civ. P. 16(b). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Andretti v. Borla Performance Indus.*, 426 F.3d 824, 830 (6th Cir. 2005) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). Specifically, the party must show "that despite their diligence they could not meet the original deadline." *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003). Thus, "mere inadvertence" by the moving party, even coupled with an absence of prejudice to the non-moving party, is insufficient to establish good cause. *Anderson v. City of Dallas*, 210 F.R.D. 579, 581 (N.D. Tex. 2002); *see also Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997) ("[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief"). After the moving party establishes good cause, the Court retains discretion to grant or deny the motion. *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). In making its decision, the Court "should also consider possible prejudice to the party opposing the modification." *Andretti*, 426 F.3d at 830.

**III.    DISCUSSION**

Plaintiffs appear to have been diligent in attempting to scheduling Crawford's deposition before the expert witness deadline. As the magistrate judge noted, "Defendants do not dispute that Plaintiffs attempted to schedule Crawford's deposition in April and May or that the deposition could not be scheduled until July" (Court File No. 42, p. 4). Therefore, the magistrate judge could permissibly determine Plaintiffs had good cause for not scheduling the deposition until after the June 1 expert witness deadline.

Defendants argue regardless of when Crawford's deposition was taken, Plaintiffs' delay in

4

designating a handwriting expert was unreasonable and does not demonstrate due diligence. Defendants state Plaintiffs were aware of the factual dispute regarding the signature's authenticity as of at least October 2006 and they knew the authenticity issue was of "primary importance" to the case (Court File No. 54, p. 8). Thus, Defendants argue, there is no factual basis for believing Plaintiffs' claim the issue was not ripe, and Plaintiffs' oversight is not good cause as required by Fed. R. Civ. P. 16(b).

In their response to the objections, Plaintiffs incorporated their memorandum to the magistrate judge (Court File No. 55, Exh. B, a copy of Court File No. 37), which provided enough good cause for the magistrate judge to grant Plaintiffs' motion. In that original memorandum, Plaintiffs described several of Crawford's statements during the deposition. In the deposition, Crawford stated his wife sometimes signs documents under his name and he made inconsistent statements about his signature on other documents. Based on Crawford's statements in his deposition, the magistrate judge could properly conclude it was "arguably reasonable" for Plaintiffs to designate a handwriting expert at that point (Court File No. 42, p. 4).

Even though Plaintiffs knew of the authenticity issue before July and even though they acknowledged their failure to designate an expert was an oversight, the Court cannot say the magistrate judge made a definite and firm mistake. It was reasonable for the magistrate judge to find Crawford could not be deposed until July and the information learned in Crawford's deposition necessitated designating a handwriting expert past the Scheduling Order deadline. Because the magistrate judge's decision was not clearly erroneous, the Court **AFFIRMS** the magistrate judge's order (Court File No. 42 ) and **DENIES** Defendants' objections (Court File No. 54).

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**